UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | No. 03-301 |
| HORACE L. HANZY, JR. | SECTION: "J"(2) |

# **ORDER**

Before the Court is a *Motion to Alter or Amend Judgment* **(Rec. Doc. 40)** filed by Defendant Horace L. Hanzy Jr., which challenges the Court's order denying his motion to reduce sentence under the First Step Act (Rec. Doc. 39). Although Defendant has completed his term of imprisonment, he seeks a reduction to his five-year term of supervised release because he contends it violates the statutory maximum.

Defendant was originally convicted under 21 U.S.C. § 841(b)(1)(A) for possessing more than 50 but less than 150 grams of cocaine base and was sentenced to 140 months of imprisonment and a five-year term of supervised release. (Rec. Doc. 29). His term of imprisonment was later reduced to 120 months pursuant to 18 U.S.C. § 3582, but his term of supervised release was not reduced. (Rec. Doc. 33). Defendant now contends that, pursuant to the First Step Act, his conviction should be construed as being under § 841(b)(1)(B), which he asserts provides for a statutory maximum term of supervised release of three years.

Defendant misreads the statute. § 841(b)(1)(B) requires a term of supervised release "of at least 4 years" in addition to a term of imprisonment. 21 U.S.C.

§ 841(b)(1)(B). The Court declines to exercise its discretion to reduce Defendant's term of supervised release.[1] *See United States v. Lutcher*, No. 03-338, 2019 WL 3006414, at *4 (E.D. La. July 10, 2019) (declining to reduce term of supervised release due to extensive criminal history after reducing term of imprisonment under First Step Act).

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion to Alter or Amend Judgment* **(Rec. Doc. 40)** is **DENIED**.

New Orleans, Louisiana this 10th day of October, 2019.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[1] To the extent Defendant hopes to escape the consequences of his alleged violation of supervised release for his arrest on September 29, 2016, the Court notes that his term of supervision commenced on October 5, 2012, and therefore his arrest would still be within the reduced term.